UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE BRONNER v. ESSAYZOO** | No. 24-mc-117 (TSC) |

## MEMORANDUM OPINION

Petitioner Ben Bronner is a faculty member at George Washington University.  In February 2022, he ran a student essay through a plagiarism detection software, which flagged that the student's work shared text with a pre-written essay available for purchase on EssayZoo's website.  Upon checking EssayZoo's website, Bronner noticed that it contained some of his copyrighted material, prompting Bronner to file a claim against EssayZoo with the Copyright Claims Board.  In November 2023, the Board issued a Final Default Determination finding EssayZoo liable for copyright infringement and awarding Bronner $1,200 in statutory damages.  *See* Certified Final Determination of the Copyright Claims Board, ECF No. 9-2.  In August 2024, Bronner filed a Motion with this court under 17 U.S.C. § 1508(a), seeking an order confirming and reducing to judgment the relief awarded to him by the Copyright Claims Board.  *See* Mot. for Order to Confirm and Reduce to J., ECF No. 1.  For the following reasons, the court will GRANT Bronner's Motion.

Under 17 U.S.C. § 1508(a), if "a party has failed to pay damages . . . awarded in a final determination of the Copyright Claims Board, including a default determination . . . , the aggrieved party may, not later than 1 year after the date on which the final determination is issued . . . , apply to the United States District Court for the District of Columbia . . . for an order confirming the relief awarded in the final determination and reducing such award to judgment."  To obtain such

an order, the aggrieved party must also (1) provide notice of their application to the opposing party "in accordance with the procedures applicable to service of a motion in the district court . . . where the application is made," and (2) provide a certified copy of the final determination of the Copyright Claims Board, alongside a sworn declaration meeting certain criteria. 17 U.S.C. § 1508(b). If these requirements are met, the "court shall grant such order and direct entry of judgment unless the determination [of the Copyright Claims Board] is or has been vacated, modified, or corrected[.]" *Id.* § 1508(a). The court also "shall impose on the party who failed to pay damages . . . , the reasonable expenses required to secure such order." *Id.*

Bronner has satisfied these requirements. Within a year of the Board's final determination, he filed a Motion for an order to confirm and reduce to judgment the Board's determination. He effected service of his Motion consistent with Federal Rule of Civil Procedure 5 and Local Civil Rule 5.4(d)(2) by mailing the Motion and a copy of the Copyright Claims Board's final determination to EssayZoo's "last known address." Fed. R. Civ. P. 5(b)(2)(C); *see also* Aff. of Mailing, ECF No. 7. Although that mailing was returned undeliverable, "service is deemed complete at the moment the document is properly posted and deposited for mailing." *Virgin Islands Housing & Fin. Auth. v. FEMA*, 728 F. Supp. 3d 17, 26 (D.D.C. 2024) (quoting *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 72 (D.D.C. 2002)).

Bronner has also submitted to the court a certified copy of the final determination of the Copyright Claims Board, along with a declaration attesting that the copy is true and correct; that the determination was issued on November 20, 2023; that the determination has not been challenged, vacated, modified, or corrected; that there are no other proceedings concerning the Board's same determination; and that he has not received any portion of the damages awarded to

him by the Board.  *See* Decl. of Benjamin Bronner, ECF No. 9-1.  The court will therefore enter judgment in Bronner's favor.  The court will also impose on EssayZoo the $52 filing cost incurred by Bronner.  *See* 17 U.S.C. § 1508(a) ("[T]he court shall impose on a party who failed to pay damages . . . the reasonable expenses required to secure such order . . . that were incurred by the aggrieved party.").  A separate Order will follow this Opinion.

Date:  July 2, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge